IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TERRY CORDIAL                                                                                                PLAINTIFF

    v.                                            CIVIL NO. 3:21-cv-3056-MEF

KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration                                                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act. (ECF No. 28). On April 13, 2023, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"), requesting $4,641.20, representing a total of 15.90 attorney hours for work performed in 2021 at an hourly rate of $218.00 and 5.00 attorney hours for work performed in 2022 and 2023 at an hourly rate of $235.00. (ECF No. 28-1). On April 27, 2023, the Defendant filed a response objecting to the hourly rates requested and stipulating to a fee award in the amount of $4,580.84. (ECF No. 29).

### I.    Discussion

It is the opinion of the undersigned that the Plaintiff is entitled to a fee award in this case as he is the prevailing party, the government's decision to deny benefits was not "substantially justified," and the time asserted to have been spent in the representation of the Plaintiff before the district court is reasonable. *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (burden is on the Commissioner to show substantial justification for the government's denial of benefits); *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983) (in determining reasonableness, court looks at time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of

compensation; the results obtained; and, the amount involved). However, the hourly rate requested for the years 2021, 2022, and 2023 exceed the rate approved by this Court in General Order 39. Pursuant to said order, the hourly rates payable are as follows: $206.00 for 2021, $221.00 for 2022, and $236.00 for 2013. Accordingly, the undersigned finds that the Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $4,402.90 ((15.90 x $206) + (3.50 x $221) + (1.50 x $236.00)).

Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010), the EAJA fee award should be made payable to Plaintiff. As a matter of practice, however, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's counsel.

The parties are reminded that, to prevent double recovery by counsel for the Plaintiff, the award herein under the EAJA will be considered at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

## II. Conclusion

Accordingly, Plaintiff is awarded the sum of **$4,402.90** for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

Dated this 23rd day of May 2023.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE